**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>                  Plaintiff,<br><br>vs.<br><br>MAGDALENA PRZEWOZNIAK; PATRICK PFEIFFER, Individually and as Trustee of the Herbert H. Pfeiffer Trust; CHARLOTTE OLSON, Individually, as Trustee of the Herbert H. Pfeiffer Trust and as Trustee of the Violet Pfeiffer Trust; MAPLE PROFANT f/k/a NANCY DAUGHERTY; and LYNN PFEIFFER,<br><br>                  Defendant.<br>_____<br><br>CHARLOTTE OLSON, Individually, as Trustee of the Violet Pfeiffer Trust; PATRICK PFEIFFER, MAPLE PROFANT f/k/a NANCY DAUGHERTY; and LYNN PFEIFFER,<br><br>                  Cross-Plaintiffs,<br>vs.<br><br>MAGDALENA PRZEWOZNIAK,<br><br>                  Cross-Defendant. | CASE NO.: 19-CV-05848<br><br>JUDGE: CHARLES NORGLE, SR.<br><br>MAGISTRATE JUDGE: JEFFREY CUMMINGS |

**ANSWER TO COMPLAINT FOR INTERPLEADER AND CROSS-CLAIM**

NOW COME the Defendants, PATRICK PFEIFFER, individually and as Trustee of the Herbert H. Pfeiffer Trust, CHARLOTTE OLSON, individually, and as Trustee of the Herbert H. Pfeiffer Trust and as Trustee of the Violet Pfeiffer Trust, MAPLE PROFANT f/k/a NANCY DAUGHERTY, and LYNN PFEIFFER, by and through their attorneys, ROBERT J. WAGNER, P.C., and in answer to the Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), complaint for interpleader states as follows:

**INTRODUCTION**

Northwestern Mutual has filed this action to resolve competing claims that have been asserted by multiple persons claiming entitlement to all or a portion of the $116,874.00 in death benefit proceeds from a Northwestern Mutual life insurance policy insuring the life of the deceased, Herbert Pfeiffer ("the Policy Benefits"). Northwestern Mutual is a neutral stakeholder in this action.

ANSWER: The Defendants admit the allegations of the Introduction of the Complaint for Interpleader.

**PARTIES**

1. Northwestern Mutual is a mutual insurance company organized under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin.

ANSWER: The Defendants admit the allegations of paragraph 1 of the Complaint for Interpleader.

2. Magdalena Przewozniak is an individual residing in Arlington Heights, Illinois, whose actual or potential competing interest in the Policy Benefits requires her joinder in this interpleader action.

ANSWER: The Defendants admit the allegations of paragraph 2 of the Complaint for Interpleader.

3. Patrick Pfeiffer is an individual residing in Algonquin, Illinois and a Trustee of the Herbert Pfeiffer Trust whose actual or potential competing interest in the Policy Benefits requires his joinder in this interpleader action.

ANSWER: The Defendants admit the allegations of paragraph 3 of the Complaint for Interpleader.

4.  Charlotte Olson is and individual residing in Pinckney, Michigan, a Trustee of the Herbert Pfeiffer Trust, and the Trustee of the Violet Pfeiffer Trust whose actual or potential competing interest in the Policy Benefits requires her joinder in this interpleader action.

ANSWER: The Defendants admit the allegations of paragraph 4 of the Complaint for Interpleader.

5.  Maple Profant is an individual residing in Stockton, California whose actual or potential competing interest in the Policy Benefits requires her joinder in this interpleader action. Lynn Pfeiffer is an individual residing in Fitchburg, Wisconsin, whose actual or potential competing interest in the Policy Benefits requires her joinder in this interpleader action.

ANSWER: The Defendants admit the allegations of paragraph 5 of the Complaint for Interpleader.

## JURISDICTION AND VENUE

1.  28 U.S.C. § 1335 grants federal district courts jurisdiction over interpleader actions in which at least two potential claimants are diverse from each other, the amount at issue is $500 or greater, and the interpleading plaintiff deposits the property in question with the district court.

ANSWER: The Defendants admit the allegations of paragraph 1 of the Complaint for Interpleader.

2.  Charlotte Olson is domiciled in Michigan and so is a citizen of Michigan. Maple Profant is domiciled in California and so is a citizen of California. Lynn Pfeiffer is domiciled in Wisconsin and so is a citizen of Wisconsin. Each of these interpleader defendants' citizenship is diverse from each other and from Patrick Pfeiffer and Magdalena Przewozniak who are both domiciled in Illinois and so are citizens of Illinois. Thus at least two of the interpleader

defendants' citizenship are diverse from each other.

ANSWER: The Defendants admit the allegations of paragraph 2 of the Complaint for Interpleader.

    3.    The amount of life insurance benefits at issue is $116,874.00, which exceeds the jurisdictional minimum.

ANSWER: The Defendants admit the allegations of paragraph 3 of the Complaint for Interpleader.

    4.    Contemporaneously with filing this interpleader, Northwestern Mutual is filing a motion pursuant to Rule 67 of the Federal Rules of Civil Procedure to deposit funds in the amount of the death benefit, plus interest, with the Court.

ANSWER: The Defendants admit the allegations of paragraph 4 of the Complaint for Interpleader.

    5.    Therefore, this court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335.

ANSWER: The Defendants admit the allegations of paragraph 5 of the Complaint for Interpleader.

    6.    Venue is proper in this court pursuant to 28 U.S.C. § 1397, which permits an interpleader plaintiff to bring an interpleader in any judicial district in which one or more of the potential claimants resides. Both Patrick Pfeiffer and Magdalena Przewozniak reside within this judicial district.

ANSWER: The Defendants admit the allegations of paragraph 6 of the Complaint for Interpleader.

**GENERAL ALLEGATIONS**

1. On or about August 24, 1959, Herbert Pfeiffer applied for life insurance coverage from Northwestern Mutual. Subsequently, Northwestern Mutual issued life insurance policy number x6078 to Herbert Pfeiffer, with a policy date of May 8, 1959. Herbert Pfeiffer was both the insured and the owner of the policy.

ANSWER: On information and belief, the Defendants admit the allegations of paragraph 1 of the Complaint for Interpleader.

2. The policy initially listed Herbert Pfeiffer's wife, Violet Pfeiffer as the primary beneficiary, and his sons, Patrick Pfeiffer and Michael Pfeiffer (now deceased with no issue), along with any other children, as contingent beneficiaries.

ANSWER: On information and belief, the Defendants admit the allegations of paragraph 2 of the Complaint for Interpleader.

3. On or about March 15, 1998, Herbert Pfeiffer executed a Designation of Beneficiary form, naming Violet Pfeiffer as the primary beneficiary, and Patrick Pfeiffer, Michael Pfeiffer, Lynn Pfeiffer, Nancy Daugherty (now known as Maple Profant), and Charlotte Olson as contingent beneficiaries.

ANSWER: On information and belief, the Defendants admit the allegations of paragraph 3 of the Complaint for Interpleader.

4. On or about January 6, 2003, Hebert Pfeiffer signed an Owner Designation form, naming Violet Pfeiffer as the owner of the policy. Herbert Pfeiffer designated as owner the Trustee of the Violet Pfeiffer Trust in the event Violet Pfeiffer predeceased Herbert Pfeiffer.

ANSWER: On information and belief, the Defendants admit the allegations of paragraph 4 of the Complaint for Interpleader.

5.     On or about March 7, 2005, Herbert Pfeiffer, as attorney in fact for Violet Pfeiffer, executed a Designation of Beneficiary form naming Violet Pfeiffer as the primary beneficiary and the Violet Pfeiffer Trust as the contingent beneficiary.

ANSWER:     On information and belief, the Defendants admit the allegations of paragraph 5 of the Complaint for Interpleader.

6.     On or about December 17, 2007 Violet Pfeiffer died.

ANSWER:     The Defendants admit the allegations of paragraph 6 of the Complaint for Interpleader.

7.     On or about May 27, 2008, Herbert Pfeiffer executed a Designation of Beneficiary form, naming the Successor Trustee of the Herbert Pfeiffer Trust as the primary beneficiary of the policy.

ANSWER:     On information and belief, the Defendants admit the allegations of paragraph 7 of the Complaint for Interpleader.

8.     On or about December 16, 2013, Herbert Pfeiffer executed (1) a Trustee Declaration of Authority to Purchase and Own Life Insurance; (2) a Designation of Owner form, naming himself as the individual owner of the policy; and (3) a Designation of Beneficiary form naming Magdalena Przewozniak, as the primary beneficiary of the policy and the Successor Trustee of the Herbert Pfeiffer Trust as the contingent beneficiary.

ANSWER:     The Defendants admit the allegations of paragraph 8 of the Complaint for Interpleader.

9.     Herbert Pfeiffer died on or around February 2, 2019, causing approximately $116,000 in death benefits to become payable to the policy's beneficiary.

ANSWER:     The Defendants admit the allegations of paragraph 9 of the Complaint for

Interpleader.

10. By letter dated February 16, 2019, Northwestern Mutual informed Magdalena Przewozniak that she was listed as the policy's primary beneficiary and provided the forms necessary to submit a claim for the Policy Benefits.

ANSWER: The Defendants admit the allegations of paragraph 10 of the Complaint for Interpleader.

11. In late February or early March 2019, Northwestern Mutual was notified that certain of Herbert Pfeiffer's family members were challenging Magdalena Przewozniak's claimed entitlement to the Policy Benefits.

ANSWER: The Defendants admit the allegations of paragraph 11 of the Complaint for Interpleader.

12. On March 28, 2019 Northwestern Mutual notified Magdalena Przewozniak and counsel for trustees of the Herbert Pfeiffer Trust and the Violet Pfeiffer Trust to notify them of the conflicting claims to the Policy Benefits, advising that if the parties were unable to resolve the dispute, an interpleader action would be filed to resolve all actual or potential competing claims and interests in the Policy Benefits.

ANSWER: The Defendants admit the allegations of paragraph 12 of the Complaint for Interpleader.

13. Upon information and belief, the dispute over the competing claims to the Policy Benefits remains unresolved, necessitating the filing of this interpleader action.

ANSWER: The Defendants admit the allegations of paragraph 13 of the Complaint for Interpleader.

## COUNT I—STATUTORY INTERPLEADER
## (28 U.S.C. § 1335)

1. Northwestern Mutual incorporates by reference all preceding paragraphs of this Interpleader Complaint.

ANSWER: The Defendants admit the allegations of paragraph 1 of Count I of the Complaint for Interpleader.

2. Northwestern Mutual claims no beneficial interest in the policy proceeds, but is merely a neutral stakeholder.

ANSWER: The Defendants admit the allegations of paragraph 2 of Count I of the Complaint for Interpleader.

3. Northwestern Mutual acknowledges that it is obligated under the policy to pay the proceeds to the entitled recipient.

ANSWER: The Defendants admit the allegations of paragraph 3 of Count I of the Complaint for Interpleader.

4. Because of the competing claims to the policy proceeds, Northwestern Mutual is unable to determine which of the interpleader defendants is entitled to be paid, and, therefore, is at risk for double, multiple, or inconsistent judgments.

ANSWER: The Defendants admit the allegations of paragraph 4 of Count I of the Complaint for Interpleader.

5. Northwestern Mutual is ready, willing, and able to deposit the policy proceeds and accrued interest, if any, with the Clerk of Court for the Northern District of Illinois, upon issuance of an order granting it permission to do so. Simultaneously with the filing of this Complaint for Interpleader, Northwestern Mutual is filing a Motion under Rule 67 of the Federal Rules of Civil Procedure to deposit the proceeds, including accrued interest, with the Clerk of Court.

ANSWER: The Defendants admit the allegations of paragraph 5 of Count I of the Complaint for Interpleader.

6. Northwestern Mutual requests that the Court, pursuant to 28 U.S.C. §§ 1335 and 2361, determine the Interpleader is proper, discharge Northwestern Mutual from further liability concerning the Policy Benefits or any other actual or claimed rights and entitlement arising under the subject life insurance policy, enjoin any named or unnamed parties from initiating any action against Northwestern Mutual concerning the Policy Benefits or any other actual or claimed rights and entitlement arising under the subject life insurance policy, award Northwestern Mutual its costs for initiating and prosecuting this Interpleader action, and dismiss Northwestern Mutual from the case.

ANSWER: The Defendants admit the allegations of paragraph 6 of Count I of the Complaint for Interpleader.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, PATRICK PFEIFFER, individually and as Trustee of the Herbert H. PFEIFFER TRUST, CHARLOTTE OLSON, individually and as Trustee of the HERBERT H. PFEIFFER TRUST, and as Trustee of the VIOLET PFEIFFER TRUST, MAPLE PROFANT, f/k/a NANCY DAUGHTERTY, and LYNN PFEIFFER, request that this Court enter an Order:

(a) Directing Northwestern Mutual to deposit the Policy Benefits, plus any accrued interest, with the Clerk of Court for the Northern District of Illinois;

(b) Granting other relief that this Court deems just and equitable.

**CROSS-CLAIM AGAINST DEFENDANT MAGDALENA PRZEWOZNIAK**

NOW COME the Cross-Plaintiffs, CHARLOTTE OLSON, individually, and as Trustee of

9

the Violet Pfeiffer Trust, PATRICK PFEIFFER, MAPLE PROFANT f/k/a NANCY DAUGHERTY, and LYNN PFEIFFER, by and through their attorneys, ROBERT J. WAGNER, P.C., and as their Cross-Claim against Cross-Defendant MAGDALENA PRZEWOZNIAK allege as follows:

1. This Honorable Court has original jurisdiction over this cross-claim under 28 U.S.C. § 1335 which grants federal district courts jurisdiction over interpleader actions in which at least two potential claimants are diverse from each other, the amount at issue is $500 or greater, and the interpleading plaintiff deposits the property in question with the district court.

2. Charlotte Olson is a trustee and beneficiary of the Violet Pfeiffer Trust dated June 27, 2002 and is domiciled in Michigan and so is a citizen of Michigan. Maple Profant is a beneficiary of the Violet Pfeiffer Trust and is domiciled in California and so is a citizen of California. Lynn Pfeiffer is a beneficiary of the Violet Pfeiffer Trust and is domiciled in Wisconsin and so is a citizen of Wisconsin. Patrick Pfeiffer is a beneficiary of the Violet Pfeiffer Trust and is domiciled in Illinois and is a citizen of Illinois. Three of the Cross-Plaintiffs' citizenships are diverse from each other and from Patrick Pfeiffer and Cross-Defendant Magdalena Przewozniak who are both domiciled in Illinois and so are citizens of Illinois. Thus at least two of the interpleader defendants' citizenship are diverse from each other.

3. Upon information and belief, that Herbert Pfeiffer was, at all time material hereto, insured by a policy of insurance on his life by Northwestern Mutual, life insurance policy number x6078 (the "policy").

4. Herbert Pfeiffer died on or around February 2, 2019, causing approximately $116,000 in death benefits to become payable to the policy's beneficiary.

5. Herbert Pfeiffer was married to Violet E. Pfeiffer in 1959 and lived together

continuously as husband and wife until Violet E. Pfeiffer's death on December 17, 2007.

6. On June 27, 2002, Violet E. Pfeiffer made a trust known as the Violet E. Pfeiffer Trust (the "Violet Trust"). A true and correct copy of the trust agreement is attached hereto as Exhibit A.

7. Pursuant to the terms of the Violet Trust, upon Violet E. Pfeiffer's death, Herbert Pfeiffer was to become the sole beneficiary of the Marital Trust and the Family Trust created therein. The Marital Trust and Family Trust provided that the trustee should pay to Herbert Pfeiffer the income from the two trusts, as well as discretionary payments of principal from the two trusts that the trustee considered necessary for Herbert Pfeiffer's health or maintenance in reasonable comfort.

8. Pursuant to the terms of the Violet Trust, upon Herbert Pfeiffer's death, the Marital Trust and the Family Trust were to be terminated and the assets of both trusts were to be distributed to Violet's children, CHARLOTTE OLSON and MAPLE PROFANT f/k/a NANCY DAUGHERTY, and Herbert's children, PATRICK PFEIFFER, MICHAEL PFEIFFER, and LYNN PFEIFFER.

9. MICHAEL PFEIFFER predeceased Herbert Pfeiffer on November 14, 2008, leaving no surviving spouse or descendants.

10. On information and belief, on or about January 6, 2003, Hebert Pfeiffer signed an Owner Designation form, naming Violet Pfeiffer as the owner of the policy. On information and belief, Herbert Pfeiffer also designated the Trustee of the Violet Pfeiffer Trust as owner in the event Violet Pfeiffer predeceased Herbert Pfeiffer.

11. On information and belief, on or about March 7, 2005, Herbert Pfeiffer, as attorney in fact for Violet Pfeiffer, executed a Designation of Beneficiary form naming Violet Pfeiffer as

11

the primary beneficiary and the Violet Pfeiffer Trust as the contingent beneficiary of the policy.

12. At the time of Violet Pfeiffer's death on December 17, 2007, the Violet E. Pfeiffer Trust was both the owner and beneficiary of the policy.

13. Under the terms of the Violet Trust, Section 2.1, the trust became irrevocable upon Violet Pfeiffer's death and could not be amended or changed in any way.

14. Under the terms of the Violet Trust, Herbert Pfeiffer became the beneficiary of the Article 4 Marital Trust and Article 5 Family Trust created therein, as well as successor trustee of the trust pursuant to Section 8.1, albeit an Interested Trustee within the meaning of Section 11.19.

15. Pursuant to Section 11.19 of the Violet Trust, Herbert Pfeiffer's authority to act as an Interested Trustee over matters affecting the policy was prohibited in a number of substantial ways as set forth in that section as follows:

> "11.19 Exclusion of Interested Trustee. Notwithstanding any other provision, an individual trustee other than me (a) shall have no incident of ownership or power or discretion with respect to any policy of insurance on the trustee's life; (b) shall have no discretionary power to allocate or distribute assets to the extent that such would discharge the trustee's legal obligation to support any beneficiary; (c) shall, if the trustee has a beneficial interest in a trust, have no discretionary power to allocate or distribute assets of such trust, directly or indirectly, to or for any beneficiary (including the trustee), unless necessary for such beneficiary's maintenance in reasonable comfort, health care, or education (to the extent the trustee was otherwise granted such discretionary powers); and (d) shall have no other power or discretion that would be deemed a general power of appointment under Code §2041 unless the trustee has the power in other than a fiduciary capacity."

16. On information and belief, on or about May 27, 2008, Herbert Pfeiffer, as successor trustee of the Violet Trust, executed a Designation of Beneficiary form changing the beneficiary of the policy, naming the Successor Trustee of the Herbert Pfeiffer Trust as the primary beneficiary of the policy.

17. The execution of the Designation of Beneficiary form was in violation of Section 11.19(a) in the following respects: it purported to exercise an incident of ownership or power or

12

discretion with respect to a policy of insurance owned by the trust on his life, i.e. the power to change beneficiary, when the exercise of such power was prohibited to him as an interested trustee.

18. The May 27, 2008 Designation of Beneficiary form exceeded Herbert Pfeiffer's power and authority as an interested successor trustee of the Violet Trust as prohibited by Section 11.19(a) and is *void ab initio.*

19. On or about December 16, 2013, Herbert Pfeiffer executed (1) a Trustee Declaration of Authority to Purchase and Own Life Insurance, attached hereto as Exhibit B; (2) a Designation of Owner form, naming himself as the individual owner of the policy, attached hereto as Exhibit C; and (3) a Designation of Beneficiary form naming Magdalena Przewozniak, Herbert's caregiver/housekeeper, as the primary beneficiary of the policy and the Successor Trustee of the Herbert Pfeiffer Trust as the contingent beneficiary, attached hereto as Exhibit D.

20. The execution of the three forms on December 16, 2013 was in violation of Section 11.19 and Section 4.4 in the following respects:

a. the execution of the forms purported to exercise an incident of ownership or power or discretion with respect to a policy of insurance owned by the trust on his life, as an interested trustee, i.e. the power to transfer ownership or change the beneficiary of the policy, when the exercise of such power was prohibited by Section 11.19(a);

b. the execution of the forms purported to exercise discretionary power to allocate or distribute assets of such trust to himself, as an interested trustee, when that distribution of the policy owned by the trust was not necessary for his maintenance in reasonable comfort, health care, or education when that power was prohibited by Section 11.19(c); and

c. the execution of the forms purported to exercise a general power of appointment over the proceeds of the policy to a person other than Violet Pfeiffer's descendants or their spouses

13

in a manner that exceeded Herbert Pfeiffer's power of appointment under Section 11.19(d) and Section 4.4 of the trust.

21. The execution of the three forms on December 16, 2013 exceeded Herbert Pfeiffer's power and authority as an interested successor trustee and are *void ab initio*.

22. Since all attempts by Herbert Pfeiffer to transfer the ownership or change the beneficiary of the policy following the death of Violet Pfeiffer on December 17, 2007 are *void ab initio*, the present owner and beneficiary of the policy is the Violet Trust, the owner and beneficiary as of the December 17, 2007 death of Violet Pfeiffer.

23. As a result of the above, the proceeds of the policy must be delivered to Charlotte Olson, as Trustee of the Violet E. Pfeiffer Trust, the beneficiary of the policy at the time of the death of Violet Pfeiffer.

WHEREFORE, Cross-Plaintiffs, pray as follows:

A. That judgment be entered in this action in favor of the Cross-Plaintiffs and against Cross-Defendant awarding Charlotte Olsen, as Trustee of the Violet E. Pfeiffer Trust, all sums placed on deposit with the court in this action, plus accrued interest;

B. For any and all other relief to which Cross-Plaintiffs may be justly entitled.

Dated: September 24, 2019.

CHARLOTTE OLSON, individually, and as Trustee of the Violet Pfeiffer Trust, MAPLE PROFANT f/k/a NANCY DAUGHERTY, PATRICK PFEIFFER, and LYNN PFEIFFER

By: *//s/Robert J. Wagner*
One of their attorneys

ARDC #3127784
Robert J. Wagner
ROBERT J. WAGNER, P.C.
108 N. Walkup Avenue
Crystal Lake, Illinois 60014
815/455-1448  // F: 815/477-8399
mayorbob@ameritech.net